SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,

v.

SCOTT TAYLOR & CO., Inc., Stephen N.
Stevens, Bess Stevens, Louis H. Green-
berg, Max Tannenbaum, Lewis Cohen,
Alfred Lerch, Defendants.

United States District Court
S. D. New York.

Dec. 7, 1959.

Paul Windels, Jr., Regional Adm'r,
New York City, for Security and Ex-
change Commission.

Colton & Pinkham, New York City,
for defendant Lewis Cohen.

LEVET, District Judge.

This is a motion by the plaintiff, Se-
curities and Exchange Commission, to
secure a determination of an objection
to a certain interrogatory propounded by
the attorneys for Lewis Cohen, one of
the above-named defendants.  The prin-
cipal question therein involved is wheth-
er the plaintiff should be compelled in
a civil action in which such agency is a
party to produce statements made by cer-
tain investors in response to question-
naires submitted to such investors by
the Commission.

The background of this case is as fol-
lows:

1.  The plaintiff Commission by a
complaint filed on January 28, 1959,
seeks to enjoin defendant Scott Taylor
& Co., Inc., a broker-dealer, and its sales-
men, the other defendants above men-
tioned, from violating Section 17(a) of
the Securities Act of 1933, Title 15 U.S.
C.A. § 77q(a) (commonly referred to as
the Anti-Fraud Provision of the Act)
in the sale of the common stock of
Atomic Mining Corporation, a Canadian
corporation.  The complaint alleges that
the defendants, including defendant-
salesman Lewis Cohen, made untrue
statements of material facts in inducing
members of the investing public to pur-
chase this stock from Scott Taylor & Co.,
Inc.

2. The Commission sought a preliminary injunction before Judge Edelstein of this court on March 12, 1959. After argument the defendants consented to the continuance of temporary restraining orders theretofore issued against them until the Commission's complaint seeking a final judgment was determined and adjudicated. Upon such consent a supplemental restraining order was issued by Judge Edelstein on March 17, 1959, as a result of which the motion for preliminary injunction was not pressed.

3. The motion papers utilized by the Commission upon this application for the preliminary injunction allegedly contained 16 affidavits from members of the public to whom the defendants had sold Atomic Mining Corporation stock. Among these, it is said, are 7 affidavits from investors who allegedly were induced by defendant Cohen to purchase the stock. In the affidavit of Joseph C. Nello, a Securities Investigator for the plaintiff, sworn to January 27, 1959, he states that he mailed "official questionnaires" to approximately 300 purchasers of the stock of Atomic Mining Corporation from Scott Taylor & Co., Inc., requesting such investors to fill in the blanks and return the completed questionnaires to the Commission's New York office. It appears that he had received some 150 questionnaire returns by February 20, 1959 and that as of November 20, 1959 a total of 200 answers were returned. Of these 200 returns approximately 45 were from persons who were induced to purchase Atomic Mining Corporation stock by defendant Cohen. (Affidavit of Joseph C. Nello, sworn to November 20, 1959.)

4. The interrogatories sought by defendant Cohen were as follows:

"1. State the number of questionnaires sent by the plaintiff to customers of Scott Taylor & Co. Inc.

"2. Attach copies of all questionnaires (except those of which copies were attached to the motion papers · on the motion for a preliminary injunction) received by the plaintiff from customers of Scott Taylor & Co. Inc., from each of which, if the plaintiff desires, there may be deleted (a) the name and address of the customer signing the same, and (b) the number of shares purchased by such customer and the date or dates upon which such purchases were made."

The first of these interrogatories was answered as follows:

"*First:* With respect to Interrogatory #1, as stated in the Affidavit of Joseph C. Nello, annexed to the Order to Show Cause herein, dated January 28, 1959, questionnaires were sent by the plaintiff to approximately 300 members of the investing public who purchased from defendant, Scott Taylor & Co., Inc., the common stock of Atomic Mining Corporation."

The objections were made with respect to the second interrogatory upon the following grounds as stated in the objections sworn to November 9, 1959:

"*Second:* With respect to Interrogatory #2, the plaintiff objects thereto upon the ground that the production of the requested questionnaires is not obtainable under Rule 33 of the Federal Rules of Civil Procedure; and that in any event, defendant is not entitled to examine questionnaires of persons other than those to be offered as witnesses and who have executed such questionnaires."

At the hearing of this motion on November 19, 1959, the Commission's counsel argued that the production of records is not obtainable by the use of interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and in effect that the proper procedure was under Rule 34, asserting, however, that "good cause must be shown." Nevertheless, counsel agreed to argue the merits of the demand under Rule 34 as

if such motion had also been made. The defendant Cohen's counsel, however, contends that the procedure under Rule 33 by interrogatories is sufficient, although it is said that "good cause" under Rule 34 has been shown.

The Commission's counsel has agreed to supply executed questionnaires, if any, of all investors whose affidavits were attached to the motion papers on the preliminary injunction and of any other investor whom it might determine to call as a witness.

Accordingly, the issue relates to whether the defendant Cohen is entitled to have copies of the executed copies of questionnaires of investors whom the Commission does not intend to use as witnesses (this would include numerous investors, it is asserted, who are not alleged to have had any dealings with defendant).

The Commission in its brief submitted after the hearing contends:

1. That the defendant Cohen has not furnished good cause within the meaning of Rule 34;

2. That the material sought is the "work product" of plaintiff's attorneys and as such is not subject to production;

3. That even if the defendant is entitled to the production of these records, they are not available to him until after the persons who executed the questionnaires testify against him.

4. That the production of the requested questionnaires is not obtainable under Rule 33 in any event.

The questionnaires involved in this motion are, of necessity, limited to those concerned with defendant Cohen. Certainly the questionnaires involving other salesmen are not pertinent to the activities of the defendant Cohen. The argument of this defendant is that the remaining questionnaires might indicate that no suggestion of any false or misleading statements were made to such investors. It is suggested that, therefore, "[I]t would destroy any sugges-

tion of plan or common purpose, and it would indicate the probability that sales were generally conducted properly. It would cast grave doubt upon the accuracy of the testimony of plaintiff's witnesses."

The defendant Cohen argues that the interrogatory in question may be stricken only because of obvious irrelevance or privilege; that Rule 33 provides that "interrogatories may relate to any matters which can be inquired into under Rule 26(b)"; that Rule 26(b) provides that an examination may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action" and that Rule 26(b) concludes with the following sentence: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated * * * to the discovery of admissible evidence."

The difficulty with this argument is that it assumes that a common plan or scheme is alleged in the complaint. This is not true. Secondly, the fact that investors X, Y and Z might not have been the objects of misrepresentation by the defendant Cohen does not disprove the fact that the investors A, B and C were subjected to such alleged misrepresentation. Thus, it does not appear either that the disputed questionnaires relate to any relevant matter or that the questionnaires sought appear reasonably calculated to the discovery of admissible evidence. On the other hand, it appears that they are obviously irrelevant and will lead to the discovery of no admissible evidence. Consequently, insofar as Rule 33 is concerned, there is no basis for the interrogatory in question.

From the same basic viewpoint, no good cause is shown under Rule 34.

Therefore, the motion must be granted and the objection to the interrogatory sustained except that, as agreed to by the Commission, it is to permit defendant Cohen's attorneys to inspect and

make copies of any of the questionnaires executed by affiants whose affidavits were utilized in the motion for the preliminary injunction, and the plaintiff, in accordance with its offer, is required to produce at the time of trial the executed questionnaires of any other investors it indicates it intends to call as witnesses at the trial.

In view of the foregoing, no determination is necessary as to the character of the questionnaires—that is, as to whether or not they are the "work product" of plaintiff's attorneys—and no necessity appears for determination of the question of privilege. (However, the recent case of United States v. Swift & Co., D.C.N.D.Ill.1959, 24 F.R.D. 280, would seem to cast doubt upon the position of the plaintiff on both claims.)

Settle order on notice.